**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**KATHY NEWHOUSE, as Administratrix of
the Estate of SHIANNA NEWHOUSE,**

    **Plaintiff,**

**v.**                                 **Case No.**    **2:26-cv-00258**

                                                    **(TRIAL BY JURY DEMANDED)**

**UNITED STATES OF AMERICA and
CVS PHARMACY, INC., a Rhode
Island corporation,**

    **Defendants.**

## CIVIL COMPLAINT

**COMES NOW** Plaintiff Kathy Newhouse, as Administratrix of the Estate of Shianna Newhouse, by counsel, and for her Civil Complaint against Defendants United States of America and CVS Pharmacy, Inc., states as follows:

PARTIES

1.     At all times material hereto, Plaintiff Kathy Newhouse was a citizen of Kanawha County, West Virginia.

2.     At all times material hereto, Shianna Newhouse, a minor, was a citizen of Kanawha County, West Virginia.

3.     At all times material hereto, Plaintiff Kathy Newhouse was the biological mother and a legal guardian of Shianna Newhouse.

4.     At all times material hereto, Shianna Newhouse was under the care of Defendants United States of America and CVS Pharmacy, Inc.

5.      Shianna was pronounced dead by first responders on October 1, 2024 at her home in Saint Albans, West Virginia as a direct and proximate result of Defendants' negligent acts and omissions.

6.      On or about July 10, 2025, Kathy Newhouse was appointed the Administratrix of the Estate of Shianna Newhouse by the Kanawha County Fiduciary Supervisor in Kanawha County, West Virginia.

7.      At all times material hereto, Defendant United States of America was and is a sovereign entity.

8.      Defendant United States of America is named herein pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*

9.      At all times material hereto, Defendant United States of America oversaw Family Care Health Center in Saint Albans, West Virginia, by and through its agents, servants, and/or employees, including but not limited to Holly Murriner, PA-C.

10.      At all times material hereto, Defendant United States of America provided negligent healthcare services to Shianna Newhouse through its agents, servants, and/or employees at Family Care Health Center in Saint Albans, West Virginia, including but not limited to Holly Murriner, PA-C, such negligent care and treatment being a direct and proximate cause of Shianna's death.

11.      At all times material hereto, Defendant CVS Pharmacy, Inc. was a Rhode Island corporation with its principal office in Rhode Island.

12.      Upon information and belief, at all times material hereto, Defendant CVS Pharmacy, Inc. owned and/or operated the CVS Pharmacy No. 6306 located at 201 MacCorkle Avenue, Saint Albans, West Virginia 25177.

2

13. At all times material hereto, Shianna Newhouse sought treatment from Defendant CVS Pharmacy, Inc. at CVS Pharmacy No. 6306 located at 201 MacCorkle Avenue, Saint Albans, West Virginia 25177.

14. At all times material hereto, Defendant CVS Pharmacy, Inc. provided healthcare at CVS Pharmacy No. 6306 to patients, including but not limited to Shianna Newhouse.

JURISDICTION AND VENUE

15. The Court has jurisdiction over Plaintiff's claims against the Defendant United States of America pursuant to 28 U.S.C. §§ 1331, 1346(b)(1), and 2671, *et seq.*

16. Plaintiff filed an Administrative Claim (Form 95) with the United States Department of Health and Human Services Office General Counsel on October 16, 2025.

17. By letter dated March 26, 2026, the United States Department of Health and Human Services Office of General Counsel denied Plaintiff's claim (Claim No. 26-00695).

18. The Court has supplemental jurisdiction over Plaintiff's claims against Defendant CVS Pharmacy, Inc. pursuant to 28 U.S.C § 1367(a) because Plaintiff's claims against Defendant CVS Pharmacy, Inc. are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

19. Venue is appropriately vested in this Court pursuant to 28 U.S.C. § 1391.

FACTUAL ALLEGATIONS

20. On or about September 27, 2024 at 8:30 a.m., Shianna Newhouse, age 16, presented to Family Care Health Center ("Family Care") in Kanawha County, West Virginia.

21. Shianna was seen by Holly Murriner, PA.

22. Upon information and belief, Holly Murriner, PA, was employed by and/or an agent of the Defendant United States of America.

3

23.     In the portion of the Family Care chart for "Problems," PA Murriner noted that Shianna had "seizure disorder – Onset: 01/08/2024 – Follows with Dr. Payne."

24.     Shianna's "Past Medical History" was positive for seizures/epilepsy, and PA Murriner noted that Shianna had "borderline intellectual functioning."

25.     PA Murriner noted that the "Past Medical History" was last reviewed on "08/06/2019."

26.     Upon information and belief, health care providers at Family Care failed to perform a medication reconciliation to determine the medications that Shianna was currently prescribed and/or taking.

27.     According to Family Care records, "[p]atient comes in today complaining of fever, cough, sore throat, and leg pain since last night. She has been around others who have been sick."

28.     The medication reconciliation log charted that Shianna was being prescribed Adzenys XR-ODT 15.7mg extended release disintegrating tablet, as well as Lamotrigine (Lamictal) 25 mg.

29.     Shianna's heart rate was 115, reflecting tachycardia.

30.     PA Murriner diagnosed Shianna with acute pharyngitis and prescribed her with amoxicillin 875 mg (1 tablet every 12 hours), Qty: 20; as well as Bromfed DM 2mg-30mg-10mg/5mL oral syrup every 6-8 hours by oral route as needed, Qty: 240 mL.

31.     Bromfed DM 2mg-30mg-10mg/5mL oral syrup contains pseudoephedrine as a decongestant.

32.     Pseudoephedrine can lower the seizure threshold in sensitive individuals and trigger a seizure.

33. Administering pseudoephedrine to a seizure-prone patient can increase the likelihood of a seizure-event.

34. Under discussion notes, PA Murriner documented that she instructed Shianna to "finish all medications."

35. There is nothing in the Family Care chart evidencing that PA Murriner counseled Shianna or her family about the potential interaction between pseudoephedrine and Shianna's other prescriptions, or the increased risk for a seizure-event that pseudoephedrine poses to a seizure-prone patient.

36. At some point on September 27, 2024, the prescription for "Bromphen-pse-dm 2-30-10 MG/5ML" was filled by Defendant CVS Pharmacy, Inc. at CVS Pharmacy No. 6306 in Saint Albans, West Virginia.

37. Earlier that month, Defendant CVS Pharmacy, Inc. had filled prescriptions for Shianna for Adzenys XR-ODT 18.8mg tablet, as well as Lamictal XR 50 mg and Lamictal XR 100 mg.

38. Upon information and belief, before Defendant CVS Pharmacy, Inc. filled Shianna's prescription for Bromfed DM, neither the pharmacist nor a pharmacy tech spoke with PA Murriner or anyone from Family Care about the prescription, the patient, or any warnings or alerts triggered by CVS's internal system.

39. Upon information and belief, before Defendant CVS Pharmacy, Inc. filled Shianna's prescription for Bromfed DM, neither the pharmacist nor a pharmacy tech spoke with Shianna or Shianna's family about the prescription or its risks.

40. Between September 27, 2024 and October 1, 2024, Shianna ingested the pseudoephedrine-containing medication as instructed by PA Murriner.

41. Around noon on October 1, 2024, Kathy Newhouse (Shianna's mom) observed her daughter as awake and oriented.

42. Kathy Newhouse went to the store.

43. When Kathy Newhouse returned from the store at 3:04 p.m., she found Shianna between her bed and the wall.

44. Kanawha County Sheriff's Department and Emergency Medical Services responded to the scene.

45. Shianna was pronounced dead at 3:32 p.m. from sudden unexpected death in epilepsy (SUDEP).

46. In post-mortem toxicology screens for Shianna Newhouse, two separate laboratories (Axis Forensic Toxicology and NMS Labs) identified the presence of pseudoephedrine.

47. Shianna's death was proximately caused by Defendants' negligent acts and omissions.

COUNT I – NEGLIGENCE / VIOLATION OF THE WEST VIRGINIA MEDICAL
PROFESSIONAL LIABILITY ACT, W. VA. CODE § 55-7B-1, ET SEQ.
AGAINST DEFENDANT UNITED STATES OF AMERICA

48. Plaintiff reincorporates Paragraphs 1 through 47 as if fully stated herein.

49. Defendant United States of America had a duty to provide reasonable care and treatment to Shianna Newhouse.

50. In accepting responsibility to treat Shianna Newhouse, Defendant United States of America had a duty to exercise the reasonable and ordinary care, skill, and ability exercised by other healthcare providers in the same or similar circumstances.

51.    Such duties are imposed on Defendant United States of America by the West Virginia Medical Professional Liability Act, W. Va. Code § 55-7B-1, *et seq.*, and common law.

52.    Despite its common law and statutory duty to provide such care, the care and treatment provided by Defendant United States of America to Shianna Newhouse deviated from the standard of care for health care providers in similar circumstances.

53.    Defendant United States of America failed to exercise reasonable and ordinary care, skill, and ability in providing treatment to Shianna Newhouse.

54.    The agents and/or employees of Defendant United States of America, including but not limited to Holly Murriner, PA, breached the applicable standards of care incident to their care and treatment of Shianna Newhouse by:

(i)    prescribing a drug containing pseudoephedrine for a patient with a history of seizures and epilepsy, thereby increasing the risk for seizure-activity;

(ii)    failing to obtain informed consent regarding the increased risk posed by pseudoephedrine to a patient with a past medical history of seizures and epilepsy;

(iii)    failing to account for potential drug interactions between the pseudoephedrine and other prescription medication that Shianna was currently receiving;

(iv)    failing to reconcile Shianna's existing medications and/or past medical history;

(v)    being otherwise negligent.

55.    The negligent acts and omissions of Defendant United States of America's agents and/or employees in treating Shianna Newhouse were a deviation from the standard of care and constitute a proximate cause of Shiann's severe personal injuries, physical deterioration, pain and suffering, emotional distress and, ultimately, her death.

COUNT II – NEGLIGENCE / VIOLATION OF THE WEST VIRGINIA MEDICAL
PROFESSIONAL LIABILITY ACT, W. VA. CODE § 55-7B-1, ET SEQ.
AGAINST DEFENDANT CVS PHARMACY, INC.

56.     Plaintiff reincorporates Paragraphs 1 through 55 as if fully stated herein.

57.     Defendant CVS Pharmacy, Inc. had a duty to provide reasonable care and treatment to Shianna Newhouse.

58.     In accepting responsibility to treat Shianna Newhouse, Defendant CVS Pharmacy, Inc. had a duty to exercise the reasonable and ordinary care, skill, and ability exercised by other healthcare providers in the same or similar circumstances.

59.     Such duties are imposed on Defendant CVS Pharmacy, Inc. by the West Virginia Medical Professional Liability Act, W. Va. Code § 55-7B-1, *et seq.*, and common law.

60.     Despite its common law and statutory duty to provide such care, the care and treatment provided by Defendant CVS Pharmacy, Inc. to Shianna Newhouse deviated from the standard of care for health care providers in similar circumstances.

61.     Defendant CVS Pharmacy, Inc. failed to exercise reasonable and ordinary care, skill, and ability in providing treatment to Shianna Newhouse.

62.     Defendant CVS Pharmacy, Inc. breached the applicable standards of care incident to its care and treatment of Shianna Newhouse by:

(i)     failing to check for potential interactions between pseudoephedrine and other medications that Shianna Newhouse was currently prescribed;

(ii)    ignoring and/or overriding notifications regarding potential drug interactions between pseudoephedrine and other medications that Shianna was currently prescribed;

(iii)   failing to communicate with the prescribing provider regarding the increased risk that pseudoephedrine posed to Shianna Newhouse;

(iv)    failing to communicate to Shianna and/or her guardian the increased risk that pseudoephedrine posed to a patient being actively managed for seizures/epilepsy; and

(v)     being otherwise negligent.

63.     The negligent acts and omissions of Defendant CVS Pharmacy, Inc. in treating Shianna Newhouse were a deviation from the standard of care and constitute a proximate cause of Shianna's severe personal injuries, physical deterioration, pain and suffering, emotional distress and, ultimately, her death.

64.     The negligent care Defendant CVS Pharmacy, Inc. offered to Shianna was rendered in willful and wanton and/or reckless disregard of her safety and well-being such that an award of punitive damages is warranted.

PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kathy Newhouse, as Administratrix of the Estate of Shianna Newhouse, prays that this Honorable Court enter judgment against Defendants United States of America and CVS Pharmacy, Inc., as follows:

i.     For damages to be determined by the jury in an amount exceeding the minimum jurisdictional amount of this Court, and adequate to compensate Plaintiff for all the injuries and damages sustained as a direct and proximate result of Defendants' negligence;

ii.    For all general and special damages caused by the tortious conduct of the Defendants, including but not limited to damages for:

a.    Expenses for the medical care and treatment of Shianna Newhouse;

b.    Economic damages, including but not limited to lost wages, lost earning capacity, lost benefits, and lost household services;

c.    Non-economic damages recoverable under W. Va. Code § 55-7B-1, *et seq.*, including but not limited to damages for pain and suffering, sorrow, mental anguish, loss of consortium, and severe emotional distress;

d.    All of the injuries suffered by Shianna Newhouse prior to her death;

9

e.  Reasonable funeral and burial expenses;

f.  Punitive damages as a result of Defendant CVS Pharmacy, Inc.'s gross negligence and/or willful, wanton, and/or reckless disregard of the lawful rights and well-being of Shianna Newhouse; and

iii.  For all damages available under the West Virginia Medical Professional Liability Act, W. Va. Code § 55-7B-1, *et seq.*;

iv.  For all damages available under the West Virginia Wrongful Death Statute, W. Va. Code § 55-7-6;

v.  For the costs of litigating this case and Plaintiff's reasonable attorneys' fees;

vi.  For pre- and post-judgment interest as may be allowable by law; and

vii.  For all other relief to which Plaintiff is entitled by West Virginia law.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

**KATHY NEWHOUSE, as Administratrix of the Estate of SHIANNA NEWHOUSE,**

**By counsel,**

/s/ Timothy D. Houston
Timothy D. Houston (WV Bar No. 10858)
L. Danté diTrapano (WV Bar No. 6778)
David H. Carriger (WV Bar No. 7140)
CALWELL LUCE DITRAPANO PLLC
Law and Arts Center West
500 Randolph Street
Charleston, West Virginia 25302
304.343.4323 / 304.344.3684 (*facsimile*)

*Counsel for Plaintiff Kathy Newhouse, as Administratrix of the Estate of Shianna Newhouse*